STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBRA A. FISHER,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0615**  (BOR Appeal No. 2050023)
(Claim No. 2001002431)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Debra A. Fisher, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 22, 2015, in which the Board affirmed a November 6, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 20, 2013, decision in which Ms. Fisher was not granted an additional permanent partial disability award for her compensable lower back injuries. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fisher sustained injuries to her lower back on May 19, 2000, in the course of her employment as a registered nurse when she slipped and fell on a wet floor. Initially, Ms. Fisher's claim for workers' compensation benefits was held compensable for a lumbar sprain. Ms. Fisher has already received permanent partial disability awards totaling 21% for prior injuries to her lower back sustained in the course of and resulting from her employment. On September 27, 2004, she was granted an additional 13% permanent partial disability award, for a total award of 34% for injuries to her lower back. On March 3, 2011, lumbar radiculopathy and lumbar disc

1

displacement were added as compensable components of Ms. Fisher's claim. Subsequently, post-laminectomy syndrome was also added as a compensable component of her claim.

In light of the addition of multiple diagnoses as additional compensable components of Ms. Fisher's claim for workers' compensation benefits, this Court remanded the claim for an additional independent medical evaluation on July 11, 2013. Joseph Grady II, M.D., performed the mandated independent medical evaluation on August 15, 2013. He opined that Ms. Fisher sustained 15% whole person impairment as a result of multiple spinal surgeries necessitated by the injuries to her lower back, 12% whole person impairment as a result of range of motion abnormalities in the lower back, and 1% whole person impairment as a result of L5 radiculopathy, for a total of 26% whole person impairment. Dr. Grady then placed Ms. Fisher in Lumbar Category III of West Virginia Code of State Rules § 85-20-Table C (2006) and after adjusting his initial recommendation pursuant to the provisions of the Rule, opined that Ms. Fisher sustained 13% whole person impairment. Dr. Grady then stated that because Ms. Fisher has already received a 34% permanent partial disability award for injuries to her lower back, she has been fully compensated through her prior award.

In a decision dated August 20, 2013, the claims administrator determined that Ms. Fisher is not entitled to an additional permanent partial disability award for her lower back injuries above the 34% permanent partial disability award she has already received. The Office of Judges affirmed the August 20, 2013, claims administrator's decision. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 22, 2015. On appeal, Ms. Fisher asserts that she is entitled to an additional permanent partial disability award with respect to her lower back injuries.

As was noted by the Office of Judges, Ms. Fisher has not produced any medical evidence demonstrating that she sustained more than 34% whole person impairment as a result of the injuries to her lower back. The only independent medical evaluation of record, which was performed by Dr. Grady, clearly demonstrates that Ms. Fisher has been fully compensated through her prior 34% permanent partial disability award, as Dr. Grady opined that Ms. Fisher sustained only 13% whole person impairment as a result of the May 19, 2000, injury. Because Ms. Fisher has not produced any evidence refuting the opinion of Dr. Grady, the preponderance of the evidence demonstrates that she is not entitled to an additional permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 24, 2016**

2

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II